### LINDENKOHL v. WEBER.

(City Court of Brooklyn, General Term. February 4, 1893.)

REPLEVIN—PROOF OF DAMAGES.

 Under a writ of replevin sued out against defendant, a keeper was placed in charge of the stock and fixtures of defendant's saloon, and remained in charge thereof for five days, at the end of which time the sheriff was notified that a third person held a chattel mortgage on the property, and withdrew the keeper. Defendant's wife testified that the keeper did not take away any of the property, and that she continued to sell the stock without any interruption from him. *Held*, that such facts were insufficient to support a finding that the property was not returned to defendant, or to show that he sustained any damage by reason of such detention.

Appeal from trial term.

Replevin by Gustav Lindenkohl against Charles Weber. From a judgment for defendant, plaintiff appeals. Reversed, unless defendant stipulates to modify judgment.

Argued before OSBORNE and CLEMENT, JJ.

Moffett & Kramer, for appellant.
Max Rallheimer, for respondent.

OSBORNE, J.  Plaintiff brought this action to recover the possession of certain personal property, consisting of the stock, fixtures, and appurtenances of a lager-beer saloon, which he alleged were in his possession on February 12, 1892, and that on that day defendant unlawfully took said property from plaintiff's possession, and detained the same. Defendant by his answer denied plaintiff's possession. The evidence showed, inter alia, that on February 10, 1892, the defendant, being

then the owner of said property, executed a bill of sale thereof to the plaintiff for an expressed consideration of $750, which plaintiff was to pay in cash, and $500 thereof was to be applied by defendant to discharging a chattel mortgage for that amount then on said property, held by Joseph Doelger's Sons. Plaintiff paid $250 of said purchase money, and he claimed that on making such payment he was put in possession of said property by defendant, and that it was understood that he (plaintiff) was to take care of said mortgage. The basis of plaintiff's claim that he was in possession of the property in question, and that defendant unlawfully took and detained the same, rests entirely on such rights as he obtained under this bill of sale. On the other hand, defendant claimed that he was not to surrender possession of the property till plaintiff had satisfied the chattel mortgage, that this was never done, and that he never gave possession to plaintiff. The learned trial judge has found that it was not intended by defendant that the title to the property should pass to the plaintiff till the whole of said consideration of $750 was paid; that it never was paid; and that plaintiff never had possession of title to said property, but that defendant continued to be the owner thereof. It further appeared from the evidence, and the learned trial judge has found, that the sheriff took possession of this property upon proceedings to replevin the same herein. The learned trial judge has further found as follows: "Thirteenth, that said property was never returned to the defendant by the sheriff; fourteenth, the value of the said chattels is the sum of three hundred dollars, mentioned in the complaint; fifteenth, the damages of defendant for detention of said chattels are hereby fixed at one hundred dollars,"—and as a conclusion of law: "Fourth, defendant is entitled to judgment pursuant to section 1730 of the Code of Civil Procedure." On these and other findings and conclusions, judgment was entered in favor of defendant, that he recover of the plaintiff the possession of the said property, or the sum of $300, the value thereof, in case a return cannot be had, and also the sum of $100 damages, with costs. The above-mentioned findings and conclusion of law were duly excepted to by the appellant.

After a careful examination of this case we have come to the conclusion that the said thirteenth, fourteenth, and fifteenth findings of fact, and the fourth conclusion of law, are erroneous, and that the judgment mainly based thereon should not stand. The evidence shows that, at or about the time of the commencement of this action, replevin papers were issued herein to the sheriff, under which he put a man in charge of the property; that, soon after, the holders of the chattel mortgage on said property notified the sheriff of their claim on the property, and that thereupon, and after the sheriff's keeper had been in charge of the property for five or six days, he was withdrawn, leaving defendant in full possession, and defendant's possession continued undisturbed up to the time when the chattel mortgage was foreclosed, and the property sold thereunder, which sale took place on the day before the trial of this action. Cunningham, the deputy sheriff, testified that he took possession of the property under the writ of replevin on February 12th. He says:

"I kept possession five or six days, I guess.   During the time I was in possession, there was a notice served upon me, [referring to the mortgagee's claim.]   I withdrew my levy after I got this third-party claim.   *   *   *   I gave Weber control of the chattels.   *   *   *   When I took possession of this place, I didn't put Weber out; I merely put a keeper in there day and night; and, when I got this notice of the third-party claim, I withdrew my keeper.   Mr. Weber got possession finally.   Doelger's Sons did not foreclose their mortgage at that time.   I had no conversation with Mr. Weber.   I simply withdrew my keeper.   Before that time I had my keeper there night and day.   He was in possession in the ordinary way."

Mrs. Weber, the wife of the defendant, testifies:

"Mr. Lindenkohl never was put in possession of the place.   We always was there; we lived there; had access to the saloon whenever we liked; and we are still in possession.   I never was prevented by any one from entering that saloon and going behind the counter.   *   *   *   I recollect the day that the sheriff took his men out, but not the date he left.   At the time he removed his levy, and went out of possession of those things, I was in the saloon selling behind the bar, and I have remained there ever since.   *   *   *   The sheriff never took possession of the chattels from me.   The sheriff left me there and let me sell beer and liquors every day.   He didn't interfere with us at all.   We have had possession of the fixtures ever since, up to the present time.   I was in the store, and had charge of the back bar and everything in the store, up to to-day, and go in and out as I pleased."

We think that the above-quoted evidence adduced on the part of the defendant, and which is uncontradicted, clearly shows that, while there may have been a taking by the sheriff, it was at most a constructive taking, which did not interfere with the use and enjoyment of said property by the defendant, and that, on the sheriff withdrawing his keeper, the full possession was restored to the defendant, and he continued in possession thereof.   Nor is there any evidence to show that defendant sustained any damage by reason of the detention of said chattels by or through the instrumentality of the plaintiff.   The chattels in question sold for $120 on the foreclosure of the Doelger mortgage, and that is the only evidence on the record as to their value.   As, however, we conclude that the thirteenth finding is not supported by the evidence, there is no basis for the fourth conclusion of law, and the judgment entered thereon cannot stand.   We think that the judgment should be reversed, and a new trial granted to appellant, with costs to abide the event, unless defendant stipulates that the judgment be resettled, and so modified as to provide only for a dismissal of the complaint on the merits, with costs.   If such stipulation is given, the judgment as modified is affirmed, but without costs.